**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNIVERSAL UNDERWRITERS INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 19-2643-CM-ADM |
| **THE ESTATE OF WENDELL HICKS, III, et al.,** | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Universal Underwriters Insurance Company brings this declaratory judgment action, asking the court to declare that it has no duty to defend or indemnify defendant The Estate of Wendell Hicks, III for claims and damages in two underlying state court cases (which have been consolidated and will be treated as one) against The Estate of Hicks. In the consolidated state court case, the facts involve a high-speed car chase ending in a crash that resulted in in two deaths and other severe injuries. Wendell Hicks was driving the car at the time of the crash. Plaintiff insured the owner of the car, Ace Autos DBA Mark Mangels, who was not involved in the wreck.

Originally, the plaintiffs in the underlying case (who in this case are defendant Russell Craven and defendant Roseann Billinger, individually and as Special Administrator of the Estate of Lee Francis Billinger, deceased) alleged that Ace Autos DBA Mark Mangels loaned the car to Wendell Hicks. They claimed that Wendell Hicks had permission to drive the car at the time of the crash. But Craven and Billinger have since amended their state court petitions to remove the allegations that Ace Autos DBA Mark Mangels gave Wendell Hicks permission to drive the car. Whether Wendell Hicks

-1-

had permission to drive the car at the time of the crash, however, remains a key issue in the insurance coverage dispute brought in the instant case.

The case is before the court on Roseann Billinger's Motion to Dismiss Universal Underwriters Insurance Company's Declaratory Judgment Complaint (Doc. 9). Defendant Billinger argues that this court should dismiss the case because this declaratory judgment action would decide key factual issues in the underlying state court action—making this case barred under Kansas law. For the following reasons, the court disagrees.

Defendant Billinger cites several Kansas cases in support of her position, including *State Farm Fire & Casualty Co. v. Finney*, 770 P.2d 460 (Kan. 1989). *Finney* and the other cases cited by defendant Billinger apply the Kansas declaratory judgment statute. But this case is governed by the federal Declaratory Judgment Act. *See Burnham v. Humphery Hosp. Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citation omitted) (holding that in diversity cases, federal law controls procedural issues); *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (citations omitted) (holding that the Declaratory Judgment Act provides procedural remedies—not substantive rights). "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability." *Bd. of Cty. Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1122 (D. Kan. 2001). "Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insur[er] such a forum.'" *Id.* (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991)). The state declaratory judgment statute does not require dismissal of a federal declaratory judgment action. *See Jones*, 570 F.2d at 1386. *Finney* and the other Kansas cases cited by defendant Billinger, which apply the Kansas declaratory judgment statute, therefore do not require dismissal.

Even if dismissal is not appropriate, there are times when a stay of a federal declaratory judgment action may be warranted while an underlying state action is pending. Whether to exercise jurisdiction under the Declaratory Judgment Act is within the sound discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). A district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).

This is not a situation where the same fact-dependent issues will likely be decided in the state court action. Both defendants Billinger and Craven have removed the allegations from their state court petitions that Wendell Hicks was loaned the car. None of the remaining claims in the underlying case contain "permission to drive the vehicle" as an element, and the court sees no danger in overlapping or conflicting factual determinations between the cases. This federal case therefore remains useful and proper to determine whether plaintiff has a duty to defend or indemnify defendant The Estate of Hicks. The court will continue to exercise its jurisdiction over the action, and defendant Billinger's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that Roseann Billinger's Motion to Dismiss Universal Underwriters Insurance Company's Declaratory Judgment Complaint (Doc. 9) is denied.

Dated this 23rd day of December, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**